NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IRON OAK TECHNOLOGIES, LLC,**
*Appellant*

**v.**

**SAMSUNG ELECTRONICS CO., LTD., MICROSOFT CORPORATION,**
*Appellees*

---

2020-1556, 2020-1811

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2018-01554, IPR2019-00107.

---

Decided:  March 10, 2021

---

ROBERT JAMES MCAUGHAN, JR., McAughan Deaver PLLC, Houston, TX, for appellant.  Also represented by ALBERT BERTON DEAVER, JR.

JOSEPH PALYS, Paul Hastings LLP, Washington, DC, for appellee Samsung Electronics Co., Ltd.  Also represented by PHILLIP W. CITROEN, STEPHEN BLAKE KINNAIRD, NAVEEN MODI, ANDERSON TO.

2    IRON OAK TECHNOLOGIES, LLC v.
SAMSUNG ELECTRONICS CO., LTD.

RICHARD ALAN CEDEROTH, Sidley Austin LLP, Chicago, IL, for appellee Microsoft Corporation. Also represented by SCOTT BORDER, JOSEPH A. MICALLEF, Washington, DC.

―――――――――――――

Before DYK, LINN, and MOORE, *Circuit Judges.*

PER CURIAM.

Iron Oak Technologies, LLC appeals from final decisions of the Patent Trial and Appeal Board ("Board) in two inter partes review proceedings collectively holding claim 1 of Iron Oak's U.S. Patent No. 5,966,658 (the '658 patent) invalid as anticipated by three distinct prior art references and obvious over two additional grounds. We affirm based on anticipation by U.S. Patent Number 6,044,075 ("Le Boudec").

Substantial evidence supports the Board's conclusion that Le Boudec anticipates all limitations of claim 1 of the '658 patent. Iron Oak contends the Board erred in reaching that conclusion with respect to three limitations. With respect to the "plurality of ordered lists" limitation, the table in column 15 of Le Boudec ("table") reasonably can be seen to disclose one ordered list showing a start/finish communication route of A to B and a second ordered list showing a start/finish route of A to D. Iron Oak proffers no reason why association with a communication attribute requires that the entries in the ordered list have the same value for at least one attribute. Moreover, the Board is correct that the first two entries in the table may be read as a list "of routes between nodes A and B ordered according to increasing delay and a second list of routes between nodes A and B ordered according to decreasing bandwidth." IPR 2018-01554 *Final Written Decision* at 21. The fact that the table discloses multiple routes within a single table and refers to the table in the singular as "[t]he set," Le Boudec at col. 9, ll. 29-30; *id.* at col. 9, ll. 52-53, does not detract from what is disclosed or suggest that the Board engaged in

impermissible hindsight reconstruction or reconceptualization. Substantial evidence thus supports the Board's finding that the table met the limitation in claim 1 of "a plurality of ordered lists of communication paths."

With respect to the "communication attributes" limitation, Iron Oaks argues that because the delay and bandwidth values disclosed in Le Boudec do not "overlap," the list of optimum routes between nodes A to D is not associated with a common attribute. The Board was correct to reject this argument both because it was raised for the first time in Iron Oak's sur-reply and because it inaccurately reflects what is actually disclosed and claimed in the '658 patent. Figure 4 of the '658 patent discloses several paths each of which may have its own unique characteristic. And those paths may be ordered according to those characteristics. Again, substantial evidence thus supports the Board's finding that Le Boudec met the limitation in claim 1 of a plurality of ordered lists each "associated with one of a plurality of communication attributes."

Finally, Iron Oak argues that the Board failed to explain its reasoning for why Le Boudec discloses the limitation that "[e]ach communication attribute represent[s] a separate priority for communication." Samsung argued in its petition that "the additive attribute [(e.g. delay)] reflects a priority for delay characteristics of the route, and the restrictive attribute [(e.g. bandwidth)] reflects a priority for bandwidth availability of the route." J. App'x 155 (Micron Petition in IPR 2018-01554). The Board agreed with Samsung's argument that each ordered list in the table in Le Boudec "is associated with one of a plurality of communication attributes . . . and each attribute represents a separate priority for communication (e.g. least available bandwidth or most constrained link, etc.)." *Board Decision* in IPR 2018-01554 at 14. *See also id.* at 16 ("We agree with Petitioner that . . . each list is ordered in terms of increasing delay and decreasing bandwidth.").

Iron Oak's argument that the Board failed to explain its reasoning with respect to this last element is unpersuasive. Samsung presented a persuasive argument as to why the "separate priority" limitation was disclosed by Le Boudec and Iron Oak failed to present a convincing argument to the contrary. Iron Oak points to its arguments with respect to the element "[e]ach ordered list associated with one of a plurality of communication attributes." *See Iron Oak Reply Br.* at 3–5 (citing *Iron Oak Sur-Reply* for IPR 2018-01554 at 2–4). The most that can be said of the cited excerpt from Iron Oak's argument, however, is that Iron Oak quoted the claim language. That is not sufficient to preserve the argument on appeal. *See In re Watts*, 354 F.3d 1362, 1367-68 (Fed. Cir. 2004). Under the circumstances, the Board was entitled to rely on Samsung's argument and otherwise provided ample explanation in support of its conclusion on anticipation.

Because we hold that substantial evidence supports the Board's finding that claim 1 is anticipated by Le Boudec, we need not and do not reach the other grounds of invalidity of that claim.

**AFFIRMED**